IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel*. DONNIE BROWN, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 09 C 2837 ) |
| FRANK SHAW, Warden, Thomson Correctional Center, | ) ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On October 17, 2008, following a bench trial in the Circuit Court of Cook County, Donnie Brown was convicted of burglary and sentenced to a six year prison term. Brown filed a timely notice of appeal on October 31, 2008. The Office of the State Appellate Defender was appointed as counsel for his appeal.

On May 8, 2009, Brown filed a petition for a writ of habeas corpus in this Court. Brown alleges that he was convicted of a crime he did not commit and that his incarceration therefore violates the Eighth Amendment of the U.S. Constitution. Frank Shaw, the warden of the facility where Brown is currently incarcerated, has moved to dismiss Brown's petition on the ground that Brown has not exhausted available state

1

court remedies as required by 28 U.S.C. § 2254(b).[1]  For the reasons below, the Court grants Shaw's motion to dismiss.

## Background

Brown was convicted of burglary and on October 17, 2008 and was sentenced to a six year prison term, with credit for 326 days already served.  On October 31, 2008, Brown filed a notice of appeal.  The Illinois Office of the State Appellate Defender (OSAD) was appointed to represent Brown on appeal.  On April 28, 2009, an attorney from OSAD appeared in the Illinois Appellate Court on Brown's behalf and requested an extension of time to submit the trial record, which was granted until June 22, 2009.  The trial record was certified on May 12, 2009 and was received by OSAD on May 26, 2009.  On July 8, 2009, an OSAD attorney appeared again in the Appellate Court and requested an extension of time to file Brown's opening appellate brief, which was granted until September 2, 2009.  The deadline for filing Brown's opening brief was recently extended again, to January 4, 2010.

Brown filed a petition for a writ of habeas corpus in this Court on May 8, 2009.  On May 16, 2009, the Court ordered Brown to show cause why his petition should not be dismissed without prejudice for failure to exhaust state court remedies.  In his response, Brown does not claim that he has exhausted his state court remedies; rather,

---

[1] Brown originally named Cassandra Wright, Warden of the Vandalia Correctional Center, as respondent.  In May 2009, Brown was transferred from there to Thomson Correctional Center, where Shaw is warden.  Shaw is therefore the "state officer having custody of the applicant" and is substituted for Wright as the named respondent in this case, pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

he asks the Court to excuse the lack of exhaustion and hear his habeas corpus petition on the merits.

Brown asserts that the process of his appeal has not progressed since he filed his notice of appeal nearly fourteen months ago, on October 31, 2008. Brown states that he received a letter from OSAD explaining that it pursues cases in the order in which the office was appointed and that because of high caseloads, it would be some time before his appeal proceeded. Brown alleges that because of the long delay in his state court appeal, he is likely to be released from detention before his appeal is decided.[2]

Brown asserts that his incarceration is unconstitutional because he did not commit the crime for which he is currently incarcerated. In support, he attached to his petition an affidavit from Yarnell Brown, who was a co-defendant in Brown's criminal case and who pled guilty to the burglary. In it, Brown states that he committed the burglary and "that Donnie Brown and Christopher Evans [another codefendant] never had anything to do with" it.

Shaw argues that regardless of Brown's claim of innocence, he cannot pursue a habeas corpus petition in federal court because has not exhausted state court remedies. Shaw therefore asks the Court to dismiss Brown's petition without prejudice. Shaw argues that Brown's petition does not satisfy the limited exceptions that allow a federal habeas corpus petition to proceed without exhaustion of state court remedies.

---

[2]Brown was sentenced to six years in prison. With the 326 day credit for time served and credits given for good behavior, the parties anticipate that he will be paroled on May 21, 2010.

Shaw further argues that the delay in Brown's appeal is attributable to Brown, not the state. Therefore, Shaw claims, there is no grounds for excusing the failure to exhaust state court remedies, independent of how long those proceedings may have been delayed.

## Discussion

An application for a writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting his relief on that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A district court has the option of denying such a claim on its merits. 28 U.S.C. § 2254(b)(2). But if a district court does not deny the claim on the merits, the district court should typically dismiss the habeas petition without prejudice "so that the petitioner may return to state court in order to litigate the claim." *Perruquet*, 390 F.3d at 514.

There are limited circumstances under which a petitioner's habeas corpus petition may proceed in federal court despite a failure to exhaust state court remedies. First, a delay in the state process may be long enough to permit a district court to deem a petitioner's state court remedies exhausted and proceed to evaluate the constitutional claims raised by the habeas corpus petition. Second, a long delay may itself amount to a constitutional violation in the state court proceeding. The Court considers these scenarios in turn.

1. **Exhaustion resulting from inordinate delay**

Federal habeas corpus law does not require a petitioner to exhaust state court remedies if there are "circumstances rendering [the state's] process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). An inordinate state court delay may render a state process ineffective. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). "Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in [a] collateral proceeding." *Bartone v. United States*, 375 U.S. 52, 54 (1963). If the state court process is unduly delayed, that "might show that available state remedies have been exhausted, permitting the federal court to proceed even while the state appeal was pending." *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993).

A district court considering a habeas corpus petition that alleges delay in the state court process must, as a first step, determine whether the delay is "inordinate." *Lowe*, 663 F.2d at 43. If "state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable. If it is not justifiable, the court must hear the habeas petition on its merits." *Id.* (citing *Dozie v. Cady*, 430 F.2d 637, 638 (1970)).

   a. *Attribution of delay*

In determining whether a delay in state court is "inordinate," a threshold question is whether the state is responsible for the delay. If a delay cannot be attributed to the state, then the state's process is not considered ineffective, no matter how long the delay may be. *See Sceifers v. Trigg*, 46 F.3d 701, 703-04 (7th Cir. 1995). Shaw argues that the delay in Brown's direct appeal cannot be attributed to the state because

5

it resulted from several continuances requested by Brown's counsel. Shaw argues that delays caused by Brown's counsel cannot be attributed to the state, even though Brown's counsel is state-appointed.

The Court disagrees. Brown is entitled to a direct appeal of his criminal conviction as a matter of right under Illinois law. Ill. Const. art. VI § 6. A person is entitled to counsel in a direct appeal provided as a matter of right, including appointed counsel if he is indigent. *Douglas v. California*, 372 U.S. 353, 354 (1963). A state agency, OSAD, was appointed as Brown's counsel for his appeal. Brown alleges, and Shaw does not dispute, that heavy caseloads at the OSAD routinely cause delays in the briefing of direct criminal appeals. Because the state must provide Brown with counsel, the "ultimate responsibility for such circumstances" as the heavy caseload of the OSAD "must rest with the government rather than with the defendant." *Barker v. Wingo*, 407 U.S. 514, 531 (1972); *see also Green v. Washington*, 917 F. Supp. 1238, 1273 (N.D. Ill. 1996).[3] To hold otherwise would hold indigent defendants responsible for conditions and decisions over which they have no control and would violate due process by putting them in a worse position than non-indigent defendants. *See Evitts v. Lucey*, 469 U.S. 387, 393 (1985).

The cases Shaw cites do not change this analysis. Both *Sceifers v. Trigg* and *Powers v. Chandler,* 458 F. Supp. 2d 713 (N.D. Ill. 2006), involved delays caused by state-appointed counsel that were attributed to the petitioner, not the state. Both cases, however, involved a petitioner who sought habeas relief because of delays in post-

---

[3]Furthermore, seven months of the delay in Brown's case resulted from the delay in getting a certified transcript of his criminal trial. This seven month period, which is evidently a fairly typical delay, cannot be attributed to anyone but the state.

conviction proceedings, not in the process of direct appeal. Delay in a post-conviction proceeding is not a ground for federal habeas corpus relief because there is no constitutional right to state collateral review. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). As a result, actions of public defenders and appointed counsel that delay resolution of state post-conviction proceedings do not constitute state action. *Id.* Contrary to what Shaw suggests, this logic does not extend to the context of a direct appeal given to defendants as a matter of right.

Shaw also cites the Supreme Court's recent decision in *Vermont v. Brillon*, 129 S. Ct. 1283 (2009). In *Brillon*, the Supreme Court held that delays in bringing a case to trial that were caused by a public defender were not properly attributed to the state for purposes of evaluating the defendant's speedy trial claim. In that case, however, the Supreme Court found that the defendant's behavior was a major cause of the delay in bringing the case to trial. He repeatedly fired and even threatened his appointed counsel, which caused delay because replacement counsel had to be appointed several times. Further, the Court found that in the particular context of a speedy trial claim, attributing a public defender's delays to the state would provide a public defender with a perverse incentive to drag his feet and request frivolous continuances in the hopes of getting charges dismissed on speedy trial grounds. Neither the facts nor the policy implications that were key to the Court's decision in *Brillon* are present in the current case, so *Brillon* does not bolster Shaw's argument. The Court finds that for purposes of evaluating a delay in a direct appeal that is guaranteed by the Illinois constitution, the actions of Brown's state-appointed counsel should be attributed to the state.

7

### b. Inordinate delay

Fourteen months have passed since Brown filed his notice of appeal, and as of the time of this decision, his opening brief has not yet been filed. Brown asserts that he is likely to be released on parole before his appeal is complete; he argues that the delay in his appeal is therefore inordinate and unjustifiable. This, Brown argues, gives the Court the authority to consider the merits of his habeas corpus petition despite his failure to exhaust available state court remedies.

Brown offers nothing that indicates that his appeal is proceeding more slowly than any other appeal being handled by OSAD. It appears that the seven month period for certifying the transcript is fairly typical, and nothing in the record suggests that Brown would have received his transcript faster had he been able to retain private counsel. Neither is the delay in filing Brown's appellate brief unusual. OSAD's high caseloads typically cause delays of ten to twelve months in the filing of all of its appellate briefs, including his. In this case, therefore, it appears that the ordinary pace of the appellate proceeding may combine with Brown's likely early release due to time-served and good-behavior credits to effectively render his appeal moot.

There is no authority in this or any other Circuit that suggests that an appellate process that results in a prisoner being released before his appeal is complete amounts to an inordinate delay *per se.* The closest that any court has come to establishing a *per se* rule is *Harris v. Champion*, in which the Tenth Circuit established a rebuttable presumption that a state appellate process is ineffective if state actions cause a delay of more than two years in adjudicating a petitioner's direct criminal appeal. *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994) (*Harris II*).

While the cases in this circuit reflect that there is no bright line rule as to what constitutes an inordinate delay, no case supports a finding that a delay of fourteen months is inordinate. In *Green v. Washington,* Judge Milton Shadur adopted from *Harris II* the two-year rebuttable presumption of inordinate delay. *Green*, 917 F. Supp. at 1260, 1277. At this point, it is speculative to assume that Brown's appeal will reach the two-year mark. Other cases in the district have found inordinate delay only after periods substantially longer than what Brown has experienced. *See, e.g., Sceifers*, 46 F.3d at 703 (eleven year delay); *Lane*, 957 F.2d at 364 (over five year delay); *Lowe*, 663 F.2d at 43 (three and a half year delay); *Johnson v. Bryant*, No. 06 C 3608, 2007 WL 1521524, at *3 (N.D. Ill. May 21, 2007) (fourteen year delay); *Kolly v. Chandler*, No. 06 C 0095, 2006 WL 3827324, at *3 (N.D. Ill. Dec. 28, 2006) (three and a half year delay).

The shortest period that the Seventh Circuit has found long enough to merit further inquiry is seventeen months. *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970). In that case, the Seventh Circuit did not use the word "inordinate" but nonetheless directed the district court to conduct a hearing to determine whether the delay was justifiable.[4] *Id.* at 638. More recent cases have not found delays similar to those experienced by Brown to be inordinate. *See, e.g., Frederick v. Leik*, No. 93 C 429, slip op. (W.D. Wis. July 19, 1993) (fourteen months was not undue delay), *aff'd mem.*, 46

---

[4]Other parts of the Seventh Circuit's holding in *Dozie* have been overturned by that court's subsequent decisions. For example, *Dozie* indicated that a delay in post-conviction proceedings that was caused by state-appointed counsel could be attributed to the state, a holding clearly overturned by the Circuit's later decision in *Montgomery*, *supra.*

F.3d 1133 (7th Cir. 1995); *Haas v. Jenkins*, No. 07 C 480, 2008 WL 283056, at *2 (E.D. Wis. Jan. 31, 2008) (five-year delay did not excuse exhaustion requirement when appeal had been briefed and was expected to proceed shortly in state court).

The Seventh Circuit has noted that "normal direct appellate procedure extends ordinarily over a substantial period of time." *United States ex rel. Wilson v. Rowe*, 454 F.2d 585, 589 (7th Cir. 1971). Though there may be factual situations in which the "substantial period of time" may stretch so long that state procedures become "ineffective to protect the rights" of a prisoner, the simple fact that the appellate process is time-consuming is not grounds to "substitute federal habeas corpus proceedings for [a] direct state appeal." *Id.* Brown is understandably anxious for his appeal to be heard, but the Court is unable to conclude that his case presents, at least at this point, facts sufficient to establish inordinate delay. The Court therefore declines to deem Brown's state court remedies exhausted by reason of delay.

    c.    *Justifiable delay*

Because the Court has concluded that the delay in Brown's appeal is not inordinate at this time, it need not reach the question of whether the delay is justifiable.

**2.    Due process**

There is a related, yet separate, grounds on which a court may permit a federal habeas petition to proceed despite the petitioner's failure to exhaust state court remedies. Several courts have found that a delay in processing a criminal defendant's direct appeal in state court can itself constitute a violation of due process. *See, e.g., Cody v. Henderson*, 936 F.2d 715, 718-19 (2d Cir. 1991); *Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990). In such cases, a petitioner does not seek an exception to the

exhaustion rule to allow a federal court to hear his underlying constitutional claims. Rather, the delay itself is identified as the constitutional fault in the state court proceeding.

Though the Seventh Circuit has never directly ruled on the question, it has indicated support for the position that an extended delay in the processing of a direct criminal appeal may violate due process. *See Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir. 1993); *Montgomery*, 90 F.3d at 1206. If a federal court finds that a delay in state court appellate proceedings violates due process, it may grant a conditional writ of habeas corpus and send the case back to state court for a prompt resolution of the petitioner's state appeal. *Harris II*, 48 F.3d at 1132.

Courts evaluating due process claims arising out of delayed state proceedings typically apply the four factors adopted by the Supreme Court to evaluate a delay in the pre-trial context. *Barker*, 407 U.S. at 514. The factors are the length of the delay; the reason for the delay; the defendant's assertion of his right to the state court process; and the prejudice to the defendant resulting from the delay. *Id.*; *see also, Mims v. LeBlanc*, 176 F.3d 280, 282 (5th Cir. 1999); *Harris II*, 48 F.3d at 1132.

The first two factors of this four-factor test mirror the inordinate and unjustifiable delay test used to determine whether a federal court should deem state court remedies exhausted. To evaluate the length of delay, courts use the same analysis they use to determine whether a delay is long enough to deem a petitioner's state court claims exhausted. *See, e.g., Harris II*, 48 F.3d at 1132 (rebuttable presumption that a delay is both inordinate and violative of due process if it goes beyond two years); *Green v. Washington*, 917 F. Supp at 1270-76 (same). Because the Court has determined that

the delay Brown has experienced is not inordinate thus far, it also finds that the delay has not been long enough to establish a violation of due process.

## Conclusion

Frank Shaw is substituted as the respondent in this case. For the foregoing reasons, the Court grants respondent's motion to dismiss [docket no. 19] and dismisses petitioner's habeas corpus petition without prejudice for failure to exhaust state remedies. Brown may seek reinstatement of the case if and when the time his appeal has been pending approaches two years, at least if the appeal has not yet been argued or the appeal has not yet been fully briefed.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 21, 2009